[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10070
Non-Argument Calendar

_____

D. C. Docket No. 1:09-cv-00442-RWS

TOPS SALES & SERVICES, INC.,
d.b.a. Tops Showbar,
THE A GROUP, INC.,

Plaintiffs-Appellants,

versus

CITY OF FOREST PARK, GEORGIA,
a municipal corporation,
CORINE DEYTON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 17, 2012)

Before CARNES, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Top Sales & Services, Inc. ("Tops") and The A Group, Inc. ("A Group") appeal the district court's grant of Defendants' Rule 12(b)(6) motion to dismiss and appeal the district court's denial of Plaintiffs' second motion to amend.  No reversible error has been shown; we affirm.

From 1993 until 2008, Red Eyed, Inc. ("REI") leased property from  A Group and operated an adult entertainment establishment at the leased premises under a valid license issued to REI by the City of Forest Park (the "City"). Anticipating REI's departure from the property, Tops entered into a lease agreement with A Group in 2008; the intended use of the leased premises by Tops was also as an adult entertainment establishment.  To that end, in March 2008, Tops applied to the City for adult entertainment and alcohol licenses for the leased premises.  In June 2008 -- while still a tenant of A Group and while still operating an adult entertainment establishment at the premises leased from A Group under annual licenses that did not expire until 31 December 2008 -- REI applied to the City for adult entertainment and alcohol licenses for a property adjacent to the A Group property.

2

The applications filed by Tops and by REI were made at a time when the 1997 Adult Entertainment Ordinance ("1997 Ordinance") was in effect; the 1997 Ordinance was replaced by an amended ordinance in 2009, which was then replaced by an amended ordinance in 2010. The 1997 Ordinance applied to the license applications filed by Tops and REI in 2008. The 1997 Ordinance precluded the issuance of an adult entertainment license if the premises where the licensee proposed to operate were situated within 1500 feet of a licensed adult entertainment establishment. The 1500-foot limitation was retained in both the 2009 and 2010 amended ordinances.

In August 2008, the City enacted two resolutions that, in substance, approved the transfer of location of REI from its currently licensed premises on the A Group property to its newly leased space adjacent to that property; the issuance of the new adult entertainment license to REI terminated REI's adult entertainment license at the premises it had leased from A Group. Soon thereafter, the City enacted a 180-day moratorium on the issuance of adult entertainment licenses. It was not until February 2009 that the City considered -- and denied -- Tops' pending application: Tops' proposed location, one adjacent to REI's new location, violated the 1500-foot-distance requirement.

3

Plaintiffs advance a litany of constitutional challenges to the 1997 Ordinance and the 2009 amendment of that ordinance.  Also Plaintiffs sought leave to amend its complaint to raise those challenges under the 2010 amendment. In a comprehensive 33-page opinion, the district court addressed fully Plaintiffs' claims; it concluded none were justiciable.[*]  We agree.

The challenges to the 1997 Ordinance and the 2009 amended ordinance are mooted by the adoption of the 2009 and 2010 amended ordinances respectively. See Tanner Advertising Group, LLC., v. Fayette County, Ga., 451 F.3d 777, 785 (11th Cir. 2006) (general rule is that a challenge to the constitutionality of a statute is mooted by repeal of the statute).  Plaintiffs interposed a number of counter arguments to mootness, but as fully set out in the district court opinion, no counter argument advanced by Plaintiffs prevented their claims from becoming moot.

Plaintiffs advance an equal protection challenge to the Alcohol Ordinance. Again as explained by the district court, Plaintiffs failed to plead adequately a similarly situated comparator.

Plaintiffs' argument that the denial of its applications amounted to a regulatory taking in violation of the United States and Georgia constitutions also fails to state a claim: Plaintiffs failed to avail itself of state-law processes; the

---

[*]One state-law claim was dismissed without prejudice.

4

claim is not ripe for review.  See Eide v. Sarasota County, 908 F.2d 716, 720-21 (11th Cir. 1990).  And Plaintiffs' complaint lacks sufficient facts to show that no economically viable use of the A Group property exists.

Plaintiffs' claims against individual defendants are similarly wanting.  For the individual defendants to be liable for the discretionary acts of which Plaintiffs complains, the acts must have been done with actual malice.  Although the complaint includes conclusory allegations of intentional and willful conduct, Plaintiffs' pleadings provide insufficient support to state a plausible claim that the individual defendants acted with actual malice.

Because no justiciable claim was pleaded, Defendants' Rule 12(b)(6) motion was due to be granted.  Because, among other reasons, Plaintiffs' requested second amendment of the complaint would have been futile, Plaintiffs show no abuse of discretion in the district court's denial of that request.

AFFIRMED.